930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Wilbert JOHNSON, Petitioner-Appellant,
v.
Walter KAUTZKY and Duane L. Woodard, Attorney General of the
State of Colorado, Respondents-Appellees.
 No. 90-1146.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 In this case we consider petitioner's appeal of the district court's denial of a writ of habeas corpus under 28 U.S.C. Sec. 2254. As a preliminary matter, we grant the request for a certificate of probable cause. However, we affirm the district court's denial of the petition for a writ of habeas corpus.
 
 
 3
 In September of 1984, Mr. Reuth, an elderly man, was visited by a Mr. McVickers, a bare acquaintance of Mr. Reuth's. The visit, by Mr. Reuth's account, was strange in that he hardly knew Mr. McVickers and that it appeared Mr. McVickers had an ulterior motive for the visit. Apparently, Mr. Reuth was correct. One month later, on October 19, 1984, Mr. Reuth was awakened by the barking of his dog. He came downstairs and was jumped from behind by at least two men who proceeded to tie him and take possessions from his home. After the assailants left, Mr. Reuth freed himself and called the police. The police responded and found, down the road from Mr. Reuth's home, an automobile in a ditch with three passengers inside. The three passengers were Mr. McVickers, Mr. White, and petitioner. Along with the three passengers, the police found various items from Mr. Reuth's home. Petitioner himself was carrying a pocket knife that belonged to Mr. Reuth and was wrapped in blankets from the Reuth home. Mr. McVickers and Mr. White pleaded guilty. Petitioner went to trial and lost. The jury found him guilty of theft from the elderly, as well as conspiracy to commit theft, robbery, and burglary. The jury found him not guilty as to the substantive offenses of robbery and burglary.
 
 
 4
 Petitioner has two claims. First, that there was not enough evidence to convict him. Second, that the verdict was inconsistent. Both of these claims were carefully treated by the recommendation of Magistrate Harvey and the subsequent order of Judge Carrigan.
 
 
 5
 On the first claim, we need only review the evidence to see that it could, in a reasonable jury's perception, support the conviction. In this case, the petitioner was found sitting in a automobile with the other two defendants. He was covered with blankets from the Reuth home, as well as carrying the knife of the victim. Additionally, his story of having slept through the whole episode--which necessarily included the long drive down the potholed road to and from the Reuth home, the crimes committed within the home, the crash of the automobile into the ditch, and the attempts at extricating the automobile--stretches the limits of credulity. Furthermore, although petitioner claims to have been hitchhiking when he was picked up by the other two individuals, he certainly did not act as if he had just met his accomplices. For instance, petitioner admits that when the police officer knocked on the automobile window, he accepted, apparently without question, Mr. Reuth's knife and some marijuana that Mr. White handed to him. Additionally, there is police trial testimony that when Mr. White was asked by the police who Mr. McVickers was, Mr. White said "He's our buddy Jim," and that petitioner nodded in agreement. Furthermore, a prisoner testified that, when put in jail, petitioner yelled to Mr. White "Well, brother we really fucked up." Although petitioner has claimed innocence, a reasonable jury could have found petitioner guilty on this ample, albeit circumstantial, evidence. Therefore, we affirm the denial of the petition.
 
 
 6
 The second issue need not detain us long. We see no real inconsistency in the verdict; rather, what we perceive is a thoughtful and restrained jury. In this case, the jury convicted petitioner of theft from the elderly, as well as conspiracy to commit theft, robbery, and burglary. However, the jury acquitted petitioner of robbery and burglary. Apparently, the jury had doubts about whether petitioner was in the Reuth home during the robbery and burglary or just waiting in the automobile, possibly having refused to take part in the actual crime. However, the jury members must have been certain that petitioner was involved in the planning of the crime and was complicitous--as was evident in his sharing in the booty--in the post-crime events. Again, we see nothing inconsistent with this verdict, and so find no error in the district court's denial of the petition as to this claim. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3